℠JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Russell P. Meduna | Chartis Claims, Inc., and Illinois National Insurance Company |

**(b)** County of Residence of First Listed Plaintiff    Flathead, MT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Walter "Skip" J. Scott, Jr., Diamond McCarthy, LLP,
1201 Elm Street, Dallas, Texas 75270, 214-389-5300

Attorneys (If Known)
Richard George; Lewis, Brisbois, Bisgaard & Smith;
25th Floor, 199 Water Street, New York, NY 10038

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1   U.S. Government Plaintiff

❏ 3   Federal Question
(U.S. Government Not a Party)

❏ 2   U.S. Government Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ❏ 2 Removed from State Court    ❏ 3 Remanded from Appellate Court    ❏ 4 Reinstated or Reopened    ❏ 5 Transferred from another district (specify)    ❏ 6 Multidistrict Litigation    ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 2201, and 2202.

Brief description of cause:
Claim for declaratory judgment and breach of insurance contract.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:

JUDGE   Fish      DOCKET NUMBER   3:10-cv-00413-G

DATE 10/04/2010

SIGNATURE OF ATTORNEY OF RECORD   *David Amman*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL P. MEDUNA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CHARTIS CLAIMS, INC., and | § | CIVIL ACTION NO. _____ |
| ILLINOIS NATIONAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Russell P. Meduna ("Meduna") hereby files his Original Complaint against Chartis Claims, Inc. and Illinois National Insurance Company (collectively, the "Insurer") as follows:

### A. NATURE OF ACTION

1.    Meduna is the victim of a multi-front war.  First, he has been named as a defendant in two lawsuits alleging that he committed a variety of wrongful acts.  Second, while his defense costs in those lawsuits are covered by an executive liability policy issued by the Insurer, and while the Insurer acknowledged that it was contractually obligated to pay those defense costs for almost a year, the Insurer has suddenly and recently pulled an about face and denied coverage.  To make matters worse, this is the *second* time that Meduna has been forced to sue the Insurer for failure to pay defense costs, as Meduna previously filed suit in this Court on March 1, 2010 and subsequently dismissed that suit based on assurances from the Insurer that payments of defense costs and expenses would be made.  Meduna has been forced to spend a

considerable portion of his own funds to pay a portion of the covered defense costs and expenses, and Diamond McCarthy cannot represent him without payment. Such an action has materially injured Meduna's ongoing defense against the claims in both suits.

2.      Accordingly, instead of concentrating – as he should be doing – on defending himself against claims that threaten his economic well-being and his reputation, Meduna has been forced to file a second lawsuit to compel the Insurer to honor its contractual obligations. He is burdened with three lawsuits, instead of having protection against two. This is the exact opposite of what was supposed to happen under the applicable insurance policy.

3.      To make matters worse, the Insurer's pretext for denying coverage is textbook bad faith. The denial is based upon the Insurer's interpretation of a policy exclusion that clearly contains a carve-out that provides coverage for Meduna. And the carrier has long known the facts that allegedly give rise to this exclusion, yet they strung Meduna along – issuing a reservation of rights, slow-paying his attorneys' fees, and then promising to pay future fees – until the Insurer finally decided the costs were too high and took all means necessary (including violating black-letter rules of policy interpretation and going far outside the four corners of the lawsuit) to justify denying coverage. Under Texas law, Meduna is plainly entitled to damages for the Insurer's bad faith.

4.      For these reasons, and because of his continuing need for insurance coverage, Meduna is seeking declaratory relief regarding the Insurer's obligations to pay his defense costs, along with damages for breach of contract, attorneys' fees and such other relief that this Court may deem appropriate.

## B. PARTIES

5.      Plaintiff Russell P. Meduna is an individual residing in the State of Montana. Meduna also owns a residence at 3225 Turtle Creek Blvd, No. 1411, Dallas TX 75219. Meduna may be served with any subsequent pleadings in this matter through his attorney of record on this matter.

6.      Defendant Chartis Claims, Inc. is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business at 175 Water Street, New York, New York 10038. Chartis Claims, Inc. may be served with process by serving its registered agent, United States Corporation Co., at the following address: 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7.      Defendant Illinois National Insurance Company is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business at 175 Water Street, New York, New York 10038. Illinois National Insurance Company may be served with process by serving its registered agent, Corporation Service Co., at the following address: 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## C. JURISDICTION AND VENUE

8.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1332, 2201, and 2202.

9.      Venue is proper in this judicial district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the alleged events or omissions giving rise to the claims covered in this judicial district and division.

## E.  FACTUAL BACKGROUND

10.    Meduna is an insured under a policy issued by the Insurer to The Hallwood Group Inc. ("HGI") under policy number 669-68-41 (the "Policy").

11.    The Policy obligates the Insurer to pay Meduna's reasonable and necessary defense costs and expenses incurred in defending against covered claims.  Specifically, the Policy provides that the Insurer will pay for "the Loss of any Insured Person, except when and to the extent that an Organization has indemnified such Insured Person."

12.    The Policy also defines "Loss" to include "Defense Costs," which is defined by Section 2(f) of the Policy and includes, in relevant part, "reasonable and necessary fees, costs and expenses consented to by the Insurer…resulting solely from the investigation, adjustment, defense and/or appeal of Claim against an Insured…."

13.    In or about July 2009, Meduna was named as a defendant in an original petition captioned Hall Phoenix/Inwood Ltd. et al. v. The Hallwood Group Incorporated et al, Cause No. 09-09551, filed in the 298th Judicial District Court of Dallas County, Texas (the "First Claim"). Plaintiffs in the First Claim seek damages resulting from fraudulent and/or negligent misrepresentations and material omissions allegedly made by Meduna and others in connection with a Dallas-based limited partnership.  Plaintiff HPI is not an insured under the Policy.

14.    Upon being served with the original petition, Meduna sent a notice of claim to Illinois National Insurance Co., advising of both the Claim and of his choice of the law firm of Diamond McCarthy LLP ("Diamond McCarthy") as defense counsel.  This notice incorporated and referenced a notice of claim sent to Illinois National Insurance Co. by the limited partnership on July 28, 2009.

15.     Chartis Claims, Inc., acting as the authorized representative of Illinois National Insurance Co., accepted the tender on September 30, 2009, and agreed to provide coverage for Meduna's defense costs in connection with the Claim, subject to a reservation of rights.

16.     Chartis Claims, Inc. subsequently consulted with Diamond McCarthy regarding particular costs and expenses, and declared them to be reasonable.

17.     For months, Diamond McCarthy worked as Meduna's defense counsel with respect to the First Claim and tendered bills for its fees and expenses to the Insurer. For over seven months, the Insurer withheld payment.

18.     On February 20, 2010, Diamond McCarthy advised Meduna that if the Insurer continued to fail to pay Diamond McCarthy's bills, Diamond McCarthy would be compelled to withdraw as Meduna's defense with respect to the First Claim.

19.     On March 1, 2010, Meduna sued the Insurer in this Court for declaratory relief, breach of contract, and failure to promptly pay under Article 21.55 (the "First Coverage Suit"). The style of the First Coverage Suit was Russell P. Meduna v. Chartis Claims, Inc. et al.; Cause No. 3-10 CV-413-G; filed in the United States District Court for the Northern District of Texas.

20.     On March 2, 2010, the Insurer agreed to pay all of Meduna's outstanding defense costs and expenses incurred in defending against the First Claim and requested that Meduna dismiss the First Coverage Suit.

21.     On March 4, 2010, the Insurer specifically represented to Diamond McCarthy that, if Meduna dismissed the First Coverage Suit, the Insurer would not thereafter renege on its promise to pay his defense costs and expenses for the First Claim. In reliance on the Insurer's representations, Meduna agreed to dismiss the First Coverage Suit.

22.     Between March 4, 2010 and August 17, 2010, Meduna incurred reasonable and necessary defense costs and expenses in excess of $1,100,000.00 in reliance on Chartis' September 30, 2009 coverage position letter and its representations (both in connection with the dismissal of the First Coverage Suit and thereafter) that payments of defense costs and expenses would be made.  Meduna has continued to incur substantial reasonable and necessary defense costs and expenses since then.

23.     On July 31, 2010, Meduna was named as a defendant in a second lawsuit captioned Ray Balestri, Trustee of Hallwood Energy I Creditors' Trust v. The Hallwood Group Incorporated et al, Cause No. 09-09551, filed in the County Court at Law No. 4 of Dallas County, Texas (the "Second Claim").  Plaintiff in the Second Claim seeks damages resulting from Breaches of fiduciary duty allegedly made by Meduna and others in connection with the same Dallas-based limited partnership at issue in the First Claim.  Balestri, the only plaintiff in the Second Claim, is a post-confirmation litigation trustee and is the assignee of claims to be made on behalf of the bankruptcy estate and its creditors.

24.     On August 17, 2010, after Diamond McCarthy had for several weeks been attempting to contact the Insurer by telephone and email regarding payment of long-past-due invoices, the Insurer sent a letter to coverage counsel for HGI, not to Meduna's counsel, denying coverage as to the defense costs of Meduna and other Insureds in connection with the First Claim and the Second Claim.

25.     On September 23, 2010, Chartis sent a second letter to counsel for HGI, not to Meduna's counsel, which reiterated its denial of coverage as to the defense costs of Meduna and other Insureds in connection with the First Claim and the Second Claim.

26.     The basis for Chartis' denial of coverage for the First Claim and the Second Claim is that both claims are excluded under the Insured vs. Insured exclusion in the Policy. This explanation, however, is very obviously a pretext to deny coverage simply because the costs of defense have become too great for the Insurer to bear.

27.     First, the Insured vs. Insured exclusion depends solely on identifying who the plaintiffs are in each lawsuit. Thus, if the exclusion truly applied, there would be no need for the Insurer to ever issue a reservation of rights letter, or to ever make specific representations to Meduna's counsel that guaranteed his continued coverage because the identity of the plaintiffs in each lawsuit has been apparent since the date the suits were filed. Nevertheless, despite knowing the identity of the plaintiffs in the First Claim for over a year, the Insurer only issued a reservation of rights letter, paid a substantial portion of Meduna's fees, and promised to pay those amounts in the future.

28.     Second, the Insured vs. Insured exclusion very plainly does not apply to the Second Claim.  The sole plaintiff in the Second Claim is Balestri, a post-confirmation bankruptcy litigation trustee.  The Policy's Insured vs. Insured exclusion contains a carve-out that provides the exclusion does not apply to any trustee in bankruptcy.  The Insurer's denial constitutes bad faith because it ignores the plain language of the Policy and intentionally misconstrues the Policy in a manner that deprives the insured of coverage.

29.     The result of the Insurer's bad faith is that Meduna is left without insurance coverage – both for defense and indemnity – in two significant claims that not only will deplete his personal assets, but could expose him to liability far in excess of his policy limits. Meduna is therefore left with no choice but to file this bad faith lawsuit to avoid continued harm to his financial well-being.

30.    All conditions precedent have been performed or have occurred.

## COUNT I: DECLARATORY RELIEF

31.    Plaintiff fully incorporates by reference the allegations in Paragraphs 1 through 30 of this Complaint.

32.    The Declaratory Judgment Act expressly authorizes this Court to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Also, such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

33.    Meduna requests that this Court issue a declaration to terminate the uncertainty or controversy giving rise to this proceeding.

34.    Meduna seeks a declaration that the First Claim and Second Claim are covered under the Policy and that Insurer has an immediate obligation to pay Meduna's reasonable and necessary costs incurred in defending himself with respect to the First Claim and the Second Claim. Specifically, Meduna seeks a declaration that the First Claim and the Second Claim are covered under the Policy and that the exclusion upon which the Insurer has relied to deny coverage does not apply because, without limitation: (a) HPI, the main plaintiff in the First Claim, is not an insured under the Policy; and (b) Balestri, the sole plaintiff in the Second Claim, is the assignee of claims to be made on behalf of a bankruptcy estate, and therefore exempted from the insured versus insured exclusion pursuant to the plain-language of the Policy.

35.    Alternatively, or in addition to the declaration described above, Meduna seeks a declaration that the reasonable and necessary costs incurred in defending himself with respect to the First Claim that are properly allocated under the Policy are covered, and that Meduna is entitled to reimbursement and future payment of same.

36.     Entry of this declaratory judgment is necessary and appropriate to avoid the risks and uncertainty arising out of the controversy between Meduna and the Insurer.

37.     Pursuant to FED. R. CIV. P. 57, Meduna is entitled to a swift and speedy determination of this declaratory judgment action in order to protect the rights asserted herein.

## COUNT II:  BREACH OF CONTRACT

38.     Plaintiff fully incorporates by reference the allegations in Paragraphs 1 through 37 of this Complaint.

39.     The Insurer breached its written insurance contract with Meduna by refusing to perform its obligations thereunder, including its obligations to pay for reasonable and necessary defense costs incurred by Meduna in defending against the First Claim and the Second Claim.

40.     This breach was material.

41.     All conditions precedent have been performed or have occurred.

42.     Meduna's injury was a natural, probable, and foreseeable consequence of the Insurer's breach.  Without limitation, Meduna has incurred substantial damages as a result of the Insurer's breach, including the expenditure of substantial sums in attorneys' fees.

## COUNT III:  FAILURE TO PAY PROMPTLY
## UNDER ARTICLE 21.55 (§542.001, et seq.)

43.     Plaintiff fully incorporates by reference the allegations in Paragraphs 1 through 42 of this Complaint.

44.     Meduna properly tendered, and the Insurer accepted, the First Claim and the Second Claim to the Insurer.

45.     On Meduna's behalf, Diamond McCarthy properly tendered, and the Insured accepted, bills for defense costs incurred on Meduna's behalf in defending the First Claim.

46.     The Insurer failed to promptly pay Diamond McCarthy's bills. It has been more than sixty (60) days since Diamond McCarthy tendered the bills for Meduna's defense to the Insurer. As of the date of the filing of this Petition, the Insurer has not paid Diamond McCarthy's bills.

47.     Because the Insurer has failed to promptly pay Diamond McCarthy's bills, Meduna is entitled to recover damages equal to the bills, plus 18% interest, and all reasonable and necessary attorneys' fees incurred in prosecuting this lawsuit against the Insurer. *See, e.g.,* TEX. INS. CODE § 541.152.

### COUNT IV: BAD FAITH VIOLATION OF ARTICLE 21.21 (§541.001, et seq.)

48.     Plaintiff fully incorporates by reference the allegations in Paragraphs 1 through 47 of this Complaint.

49.     Plaintiff and the Insurer qualify as "persons" under the Texas Insurance Code.

50.     The Insurer's actions constitute prohibited, unfair settlement practices under the Texas Insurance Code. Specifically, the Insurer's misrepresentation of the Policy to deny coverage to Plaintiff constitutes an actionable misrepresentation of a policy provision in violation of section 541.060, and constitutes an unreasonable explanation of denial of the claim by misapplying well-stated law including, without limitation, Texas law regarding the Four Corners Rule and the Insured vs. Insured Exclusion. Further, upon information and belief, the Insurer has refused to pay the claim without conducting a reasonable investigation. Finally, the Insurer's misrepresentation that it would no longer renege on coverage for defense costs if Meduna agreed to dismiss the First Coverage Suit constitutes an actionable misrepresentation because it is an active, intentional, and knowing misrepresentation to an insured regarding coverage under the Policy.

51.    The Insurer's actions were the producing cause of substantial damages for Plaintiff including, without limitation, attorneys' fees incurred to Diamond McCarthy LLP.

52.    Upon information and belief, the Insurer knowingly breached its duties to Plaintiff. This knowing violation entitles Plaintiff to recover up to three times the amount of his actual damages from the Insurer, pursuant to Section 541.152 of the Insurance Code.

## DEMAND FOR JURY

53.    Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff asks that the Defendants be cited to appear and answer and be held liable for:

a.    Any and all damages resulting from the Insurer's refusal to pay Meduna's reasonable and necessary costs in defending First Claim and the Second Claim;

b.    Eighteen percent interest resulting from the Insurer's failure to promptly pay Meduna's reasonable and necessary costs in defending the First Claim and the Second Claim;

c.    Attorney fees under Section 38.001(8) of the Texas Civil Practice and Remedies Code and/or Section 541.152 of the Texas Insurance Code;

d.    A declaration judgment requiring the Insurer both to pay Meduna's past due legal fees and legal fees going forward in defense of the First Claim and the Second Claim;

e.    Any and all damages resulting from the Insurer's bad faith violation of Article 21.21 (§541.001, et seq.); and

f.    All other relief, in law and in equity, to which Plaintiffs may be entitled.

DATED:  October 4, 2010

Respectfully submitted,

By:___*David Ammons*_____

Walter J. Scott (SBN: 17918405)
David H. Ammons (SBN: 24040426)
Andrew Ryan (SBN: 24054464)
DIAMOND MCCARTHY LLP
1201 Elm Street, Suite 3400
Dallas, Texas  75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile

*Counsel for Plaintiff Russell P. Meduna*